United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ERICK MARTINEZ HERNANDEZ, | § | CIVIL ACTION NUMBER 4:26-cv-08550 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Erick Martinez Hernandez filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 30, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention violates (i) the Immigration and Nationality Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at ¶¶15, 20–47.

Prior order noted that Petitioner was granted humanitarian parole at least as of May 2022. Dkt 4 at 1, citing Dkt 1-1 at 1 (noting expiration of parole on July 23, 2022). It was also noted that he was served with a Notice to Appear stating that he is “an alien present in the United States who has not been admitted or paroled.” Ibid, citing Dkt 1-3 at 1. The Government was thus ordered to show cause with a filing establishing the propriety of Petitioner’s continued detention. Id at 2.

Pending are motions by the Government to dismiss, to stay, and for summary judgment. Dkt 5. It maintains that Petitioner is lawfully detained under 8 USC §1225(b)(2). Id at 1. It maintains that Petitioner entered the United States without inspection in May 2022 and is not in possession of

any valid immigration documentation authorizing lawful presence in the United States. Dkt 5-2 at 7 (I-213 Narrative). It also maintains that Petitioner was served with a Notice to Appear, placed in removal proceedings, and charged with being inadmissible. Dkt 5 at 3, citing Dkt 5-2 at 2–3.

Petitioner on reply reasserts arguments as to his due process claims. Dkt 6 at 5–10. He does not address—and thereby appears to concede—that his prior humanitarian parole provides no barrier to his current detention under §1225(b)(2). He now also raises a conditions-of-confinement claim in addition to those previously asserted. Id at 5–6.

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Vegara*, 2026 WL 3181188 (5th Cir Oct 23, 2026). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5, 9–10. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to

procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Sosnava Rodriguez v Vegara*, 2026 WL 3181188, at *11. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Such decisions resolve any claims in the petition as to the INA and the Due Process Clause. The additional arguments are likewise meritless.

As to due process issues beyond those resolved in *Sosnava Rodriguez*, it is undisputed that Petitioner's alleged humanitarian parole has expired. See Dkt 1-1 at 1 (noting expiration of parole on July 23, 2022). The undersigned previously determined that prior grants of humanitarian parole don't confer legal status upon a petitioner. *Gonsalves v Tate,* 2026 WL 1999943, at *2 (SD Tex). As such, when Petitioner's parole expired, "he reverted to his status as an *applicant for admission*, subject to mandatory detention under §1225(b)(2)(a)." Ibid.

As to the conditions-of-confinement claim, it is raised for the first time on response to the Government's motion. Dkt 6 at 5–6. This is improper. To the contrary, the Fifth Circuit holds, "It is well settled in our circuit that '[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.'" *Jackson v Gautreaux*, 3 F4th 182, 188 (5th Cir 2021), quoting *Cutrera v Board of Supervisors of Louisiana State University*, 429 F3d 108, 113 (5th Cir 2005). And in any event, the undersigned has also previously determined that claims regarding conditions of confinement are improperly raised in a *habeas corpus* petition and must be dismissed for lack of jurisdiction. See *Hurtado v Garcia,* 2026 WL 916966, at *3

(SD Tex), citing *Lee v Gonzales*, 410 F3d 778, 785 (5th Cir 2005).

As such, it appears from the face of the petition that Petitioner isn't entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Erick Martinez Hernandez is DENIED. Dkt 1.

All other pending motions are DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on October 29, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge